UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

HENRY EUGENE STAMPER        )
                                 )
v.                              )       Nos. 1:05-cv-317 / 1:03-cr-86
                                 )       *Judge Edgar*
UNITED STATES OF AMERICA     )

**M E M O R A N D U M**

Before the Court is a motion by defendant Henry Eugene Stamper ("Stamper") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Court File No. 1]. Stamper has raised four claims in his § 2255 motion. In support of his ineffective assistance of counsel claim, he has identified six separate instances of allegedly deficient performance. For the reasons which follow, the Court determines a hearing is not necessary and Stamper's motion will be **DENIED** [Court File No. 1].

**I.      28 U.S.C. § 2255 - Standard of Review**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. Under Rule 4 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly

appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. at 354; *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

"On collateral review, a trial error is deemed harmless unless it had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Fair v. United States*, 157 F.3d 427, 430 (6th Cir., 1998), *quoting Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair*, 157 F.3d at 430, *quoting United States v. Frady*, 456 U.S. 152, 166 (1982). A defendant must show a "fundamental defect" in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error which violates due process in order to prevail under 28 U.S.C. § 2255. *See Fair v. United States*, 157 F.3d at 430, *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).

## II.     Procedural and Factual Background

A federal grand jury returned a one-count indictment against Henry Eugene Stamper on March 26, 2003. Stamper, a convicted felon, was charged with violating 18 U.S.C. § 922(g), that is, knowingly and unlawfully possessing a Titan .25 caliber pistol; an Arminius .32 caliber revolver; a Brasileria SS Dresge Model 151 12 gauge shotgun; a Harrington and Richardson Model 158 12 gauge shotgun; a Ranger Model 34 .22 caliber rifle; a Springfield 12 gauge shotgun; a Strum Ruger .22 caliber rifle; and ammunition.

Stamper filed a notice of his intent to plead guilty without the benefit of a plea agreement and reserved his right to file a motion to suppress and to appeal any unfavorable ruling (Crim. Court File No. 14). Although Stamper subsequently filed a motion to suppress, he withdrew his motion to suppress and entered a guilty plea (Crim. Court File No. 16). Stamper appealed his conviction to the United States Court of Appeals for the Sixth Circuit. On January 25, 2005, the Sixth Circuit granted the agreed motion to remand the case to the district court in light of the Supreme Court's

decision in *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220 (2005) and noted the ineffective assistance of counsel claim would be submitted on briefs (Crim. Court File No. 29). On February 2, 2005, the Sixth Circuit disposed of the remaining claims but declined to review the ineffective assistance of trial counsel claim since it was first raised on direct appeal. A mandate was issued by the Sixth Circuit affirming Stamper's conviction on February 25, 2005. On June 20, 2005, pursuant to the remand, the Court conducted a sentencing hearing and reduced Stamper's sentence from 84 months to 46 months. Stamper filed the instant motion on November 1, 2005.

The following recitation of facts is taken from the offense conduct section of the Presentence Investigation Report ("PSR"):

5. On November 9, 2002, an officer of the Chattanooga, Tennessee Police Department responded to a domestic violence call. Upon arrival to the location, the officer encountered Tara Stamper, the defendant's wife. Mrs. Stamper told the officer that she and the defendant had gotten into an argument over a phone call the defendant received from a suspected girlfriend. Mrs. Stamper decided to leave the defendant's home because of the phone call, but Mr. Stamper slapped her and ordered her to stay in the house. Then, Mrs. Stamper told the officer that her husband pulled out a silver revolver, pointed it at her, and threatened to kill her. The officer then questioned the defendant who admitted ownership of several firearms. The officer confiscated a Titan .25 caliber pistol; Arminius .32 caliber revolver; Brasileira SS Kresge, Model No. 151 12 gauge shotgun; Harrington and Richardson Model No. 158, 12 gauge shotgun; Ranger Model No. 34 .22 caliber rifle (no serial number due to age of weapon); Springfield 12 gauge shotgun (no serial number due to age of weapon); and a Strum Ruger .22 caliber rifle. The officer also recovered miscellaneous ammunition, including a magazine clip. Having confiscated all of the defendant's weapons, the officer arrested Mr. Stamper and charged him with Aggravated Assault and Unlawful Possession of a Firearm (charges have been dismissed in state court).

## III. Analysis

The Court will address Stamper's claims in the order in which they appear in his § 2255 motion.

### A. Illegal Search and Seizure

Stamper claims that the search of his residence and the seizure of several weapons from his residence were illegal because his estranged wife, Ms. Tara Robinson ("Ms. Robinson"), upon whom he had a restraining order issued preventing her from coming about or contacting him at his residence, did not have standing to consent to the search of his residence. Although it is unnecessary for the Court to address the consent issue, since, as explained below, this claim is barred from § 2255 review, the Court does observe that it appears that under Tennessee law the restraining order, which was signed on September 12, 2002, was not in effect on November 9, 2002.[1]

On direct appeal Stamper argued the district court erred in denying a motion to suppress evidence. The Sixth Circuit observed that the record shows the motion was withdrawn prior to the entry of the plea on the advice of defense counsel. The Sixth Circuit concluded that by withdrawing the motion to suppress, Stamper waived the arguments presented in that motion and they lacked jurisdiction to review those arguments (Crim. Court File No. 30). Likewise, this Court lacks jurisdiction to review this suppression claim because Stamper waived this argument when he dismissed his suppression motion. In addition, this lower court cannot review the decision of the Court of Appeals and is bound by the decision of the Sixth Circuit adjudicating Stamper's direct

---

[1]    The Court observes that it appears the September 2002 restraining order was apparently not in effect in November 2002, at the time of this incident, as restraining orders are effective for only fifteen days unless fixed for a different time by the court, unless within the time so fixed the order, for good cause shown, is extended for a like period, or "unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record." Rule 65.03(5) of the Tennessee Rules of Civil Procedure. Although the rule provides that in domestic relation cases, a restraining order may be issued upon such terms and conditions and remain in force for such time as deemed just and proper by the judge, there is no proof that the judge to whom application was made issued the restraining order for more than fifteen days or that the September 2002 order was extended and still in effect during November 2002. However, the Court does observe that on February 12, 2003, the Final Decree of Divorce included a provision making the September 12, 2002, restraining order permanent.

appeal.

Moreover, once a matter has been decided adversely to a defendant on direct appeal, he may not re-litigate it in a collateral attack under § 2255. Stamper is prohibited from using a § 2255 motion to re-litigate the same issues that were presented and decided on his direct appeal absent exceptional circumstances or an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Stamper offers no new issues of fact or law differentiating this from his appellate claim. Stamper is attempting to re-litigate matters that were previously considered and rejected by the United States Court of Appeals for the Sixth Circuit. Accordingly, absent exceptional circumstances which would allow Stamper to re-litigate this issue, this claim will be **DENIED**.

Even assuming this claim is properly before the Court Stamper is not entitled to any relief on it because a voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Broce*, 488 U.S. 563, 574-75 (1989); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (holding that a defendant who has pleaded guilty waives his right to appeal constitutional violations that occurred prior to the guilty plea). The record before the Court in the instant case demonstrates Stamper's plea was knowing and voluntary. Therefore, Stamper has waived any suppression issue by his unconditional guilty plea. *United States v. Herrera*, 265 F.3d 349, 351-52 (6th Cir. 2001). Although Stamper's notice of intent to plead guilty reserved the right to file a motion to suppress and to appeal any unfavorable ruling (Crim. Court File No. 14), he subsequently withdrew his motion to suppress (Crim. Court File No. 17) which effectively forecloses the assertion of suppression on collateral review.

As revealed by the re-arraignment transcript, counsel, while Stamper was present in open court, announced they were withdrawing their motion to suppress. The re-arraignment transcript further reflects Stamper entered a knowing and voluntary guilty plea, thus waiving all the non-jurisdictional defects of which he now complains. The Court complied with the requirements of Fed.R.Crim.P. 11, properly determining that Stamper knowingly and voluntarily entered his guilty plea. Thus, in following the requirements of Rule 11, the Court carefully determined Stamper understood his applicable constitutional rights; that his plea of guilty was voluntary; that he had a full understanding of the nature of the crime charged and the consequence of his guilty plea; and that a factual basis did indeed exist for the crimes to which he pleaded guilty. *See United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). Therefore, Stamper's voluntary and unconditional plea waived his illegal search and seizure claims.

Stamper had the opportunity, instead of entering his guilty plea, to challenge the search of his residence and the seizure of the firearms to show that the search and seizure were illegal. Stamper chose not to challenge the search and seizure when he dismissed his motion to suppress and entered his guilty plea, thus relinquishing that entitlement. Although Stamper may now think he made a strategic miscalculation, Supreme Court precedent demonstrates he is not entitled to collateral relief on this basis.

In summary, Stamper's guilty plea admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts. *See Tollett v. Henderson*, 411 U.S. at 260-67 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred

prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea."). Thus, Stamper's guilty plea admitted he was a convicted felon who knowingly possessed several firearms. Therefore, Stamper's guilty plea, voluntarily and knowingly entered, as reflected in the re-arraignment transcript and discussed in detail in *supra* Section B.2., waives all non-jurisdictional defects, including all alleged constitutional errors occurring before the plea. *United States v. Broce*, 488 U.S. 563, 574-75 (1989); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Accordingly, Stamper's illegal search and seizure claims provide no basis for relief and collateral attack on this basis is foreclosed.

### B. Ineffective Assistance of Counsel

Stamper claims he did not receive effective assistance of counsel (Court File No. 1, at 6). In order to demonstrate ineffective assistance of counsel, Stamper must show not only that his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases but also that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

In *Strickland v. Washington*, the Supreme Court established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.*, below the standard of competence demanded of attorneys in criminal cases; and (2) counsel's deficient performance prejudiced the defense, *i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687-88; *see also Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987). As the Sixth Circuit

explained in *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993): "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims v. Livesay*, 970 F.2d 1575, 1579-80 (6th Cir. 1992).

Stamper has alleged six instances of deficient performance by his trial and appellate counsel. However, the Court has determined Stamper has failed to sustain his burden of proof and is not entitled to relief on any of his six claims. Thus, he is not entitled to any relief on his ineffective assistance of counsel claim. Stamper has failed to demonstrate counsel's performance was below professional standards. Moreover, he has failed to show counsel's alleged deficient performance caused him to suffer any prejudice. Hence, for the reasons discussed below, Stamper's ineffective assistance of counsel claims will be **DISMISSED**.

*1.     Failure to Challenge the Underlying Search and Seizure*

First, Stamper claims counsel was ineffective for failing to pursue the motion to suppress. In support of this claim, Stamper asserts Court convened for an evidentiary hearing on his motion to suppress but instead, he "plead[ed] guilty, without any notice, and the motion to suppress was withdrawn by counsel. . . . Unknown to Stamper, counsel withdrew the suppression motion" (Court File No. 2). The re-arraignment transcript refutes this allegation. The re-arraignment transcript reflects that Stamper was present in open court when the prosecutor announced that although they were originally before the court on a motion to suppress, Stamper wished to change his not guilty plea and be re-arraigned. Stamper's counsel announced they were withdrawing the motion to suppress and Stamper voiced no objection to the Court (Crim. Court File No. 27, p. 2).

Nevertheless, Stamper is attacking counsel's advice to enter a guilty plea and withdraw the suppression motion. Although Stamper acknowledges the government's assertion that he consented to the search of his home "presents a daunting challenge to defense counsel[,]" he maintains that even if the allegations of consent could be believed, the undisputed facts weigh in his favor because voluntariness of the consent will be difficult to establish. (Crim. Court File No. 2, p. 7). Stamper does not identify, and the Court is not aware any undisputed facts which weigh in his favor.

To obtain collateral relief on this claim Stamper must show a meritorious Fourth Amendment challenge that a reasonable attorney would have brought. *Northrop v. Trippett*, 265 F.3d 372, 383-84 (6th Cir. 2001). Second, he must show a reasonable probability that the verdict would have been different but for the admitted evidence. *Id*. at 384. The burden is on Stamper to prove his claims by a preponderance of the evidence.

In his motion to suppress, Stamper's counsel claimed Stamper did not give police permission to search his residence. However, in the government's response to Stamper's motion to suppress, the government maintained that:

> Officer Pickard asked Mr. Stamper if he had any guns in the house. Mr. Stamper originally denied possessing any firearms, but then he admitted that he did not have several that he had inherited. He told the officers that he did not know it was illegal for him to own the guns. He agreed to let the officers come in and retrieve the weapons. In fact, he led them directly to where each of he guns was hidden.

> Ms. Stamper was estranged from her husband at the time. In fact, each party had a restraining order against the other at the time of this incident. Ms. Stamper was at the St. Elmo property to retrieve her clothes and other belongings which were still in the house. She later retrieved her furniture and other things with the help of the police. She also told the police that Stamper had several guns, which she wanted them to take. She told the police where the guns were located and may have pointed them out to some of the officers, though Officer Pickard followed Mr. Stamper into the house.

> Pickard and Officer Vandergriff entered the house and, at Mr. and/or Ms. Stamper's

direction, retrieved several firearms . . .

> The officers also wished to search Mr. Stamper's car.  He consented, saying that he did not have any guns in there.  The officers did search and found a Titan .25 caliber pistol, a firearm which matched Tara Stamper's description of the gun he pointed at her.  Officer Pickard charged Mr. Stamper with Aggravated Assault and Unlawful Possession of a Weapon.

Crim. Court File No. 19.

The Court indulges, as it is required to do, in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984).  Based on the evidence of the two diametrically opposed versions of the facts surrounding the search, the Court cannot conclude counsel rendered ineffective assistance when advising Stamper, a previously convicted felon, to dismiss the motion to suppress and enter a guilty plea.  Had counsel pursued the motion, she knew that the Court could conclude Stamper's testimony was untruthful which would have put him in jeopardy of being prosecuted for perjury.

Stamper states that without notice, counsel dismissed the motion to suppress but then he seemingly contradicts this claim when he contends "[c]ounsel affirmatively misled [him] regarding the law, and ramifications of the impending suppression hearing."  (Crim. Court File No. 2, p. 2).  More importantly, however, Stamper fails to identify the statements which misled him, the incorrect statements of law, and the incorrect statements of counsel regarding the ramifications of the suppression hearing.  Moreover, Stamper was present in Court when counsel withdrew the motion to suppress and he voiced no objections.  Although Stamper claims he notified the police he had a restraining order against his estranged wife and alerted police "You cannot go in there[,]" he does

not deny that he eventually consented to the search and permitted the officers to retrieve the weapons as asserted by the government. Stamper contends he was arrested and handcuffed by police, so he could not supply written consent or physically resist the search, neither of which would necessarily rendered his verbal permission ineffective. Stamper has not specifically denied Officer Pickard's version of their dialog or the government's version of the search.

The Court must view counsel's actions using the information reasonably available to counsel at the time of the representation. Based on the motion to suppress and the government's response, the record does not support a finding that counsel's actions, using the information reasonably available to counsel at the time, amounted to deficient performance. This is so because the resolution of the motion to suppress would have to be resolved based upon the Court finding either Officer Pickard or Stamper credible, and a finding that Stamper was not credible, could have subjected him to a perjury charge.

In addition, there is no credible proof before the Court that the government's version of the events surrounding the search is untrue. Stamper has not specifically stated that Officer Pickard's version of the events are simply untrue and he has not revealed the conversation he had with counsel prior to withdrawing the motion. Stamper has not stated that he informed his attorney that he did not agree to let Officer Pickard come in and retrieve the weapons nor has he denied he led Officer Pickard directly to where each of the guns was hidden. Stamper has not provided any details of the discussions he had with counsel once they knew the government's response to his motion to suppress. Although it would have been helpful if the government had submitted an affidavit of counsel explaining why she withdrew the motion to suppress, Stamper has failed to demonstrate that counsel's decision to withdraw the motion to suppress was deficient performance. Even if Stamper

told counsel he did not give Officer Pickard permission to enter and search his residence, counsel still had to advise Stamper based on the credibility problems that had to be resolved based upon the diametrically opposed version of events surrounding the search. Considering the record before the Court and the fact that the Court could have properly denied the suppression motion, Stamper has failed to overcome the presumption that counsel's decision to withdraw the motion to suppress was a tactical decision within the realm of reasonable professional judgement. Consequently, Stamper has not demonstrated that counsel's decision to withdraw the motion to suppress was unreasonable or deficient performance. Thus, Stamper's ineffective assistance of counsel claim for failing to pursue the suppression issue is without merit.

Accordingly, Stamper's claim that counsel was ineffective for withdrawing the motion to suppress lacks merit and warrants no relief.

### 2. *Coerced Guilty Plea*

Stamper claims he did not receive effective assistance of counsel because counsel misinformed him "that the illegality of the search and seizure underlying the arrest was of no consequence[,]" and "[w]ithout any negotiations with the government, without challenging the legality of the prosecution, or any prior warning or preparation of the defendant, counsel coerced the defendant to blindly plead guilty." (Court File No. 2, p. 8). The government has responded that the record of the re-arraignment proceeding contradicts this claim. The Court concludes, as explained below, that not only has Stamper failed to show the search and seizure underlying his arrest was illegal, he has failed to demonstrate his guilty plea was coerced. Therefore, he has failed to demonstrate his defense counsel was ineffective.

A voluntary and intelligent plea of guilty made by a defendant who has been advised by

competent counsel may not be collaterally attacked. *United States v. Broce*, 488 U.S. 563, 574 (1989), *citing Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A defendant may show his guilty plea was not a voluntary and intelligent act because his attorney rendered ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ray v. Rose*, 491 F.2d 285, 289-290 (6th Cir.), *cert. denied*, 417 U.S. 936 (1974); *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974).

Rule 11, Federal Rules of Criminal Procedure requires the Court to ask the defendant certain questions which creates a record that can be relied upon to insulate the guilty plea in any future appeals and collateral attacks. *Key v. United States*, 806 F.2d 133, 136 (7th Cir.1986). In determining whether a plea is coerced, a court considers the defendant's answers to the questions posed at his Rule 11 hearing, which carry a strong presumption of veracity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The provisions in Rule 11 specifically seek to ensure that entry of a plea is a intelligent and voluntary act. Great care is taken when accepting pleas under Rule 11 to place plea agreements on the record; ascertain the voluntariness and accuracy of the plea; provide detail advice to the defendant concerning his rights and the consequences of his plea; and to make a determination that the defendant understands these matters.

"Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to the court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993), *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.), *cert. denied*, 479 U.S. 1017 (1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir.), *cert. denied*, 426 U.S. 953 (1976)). The United States Supreme Court has explained that when the

voluntariness of a guilty plea is being evaluated, courts should consider the following:

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

The Court scrupulously followed the Rule 11 procedure and Stamper is bound by the sworn statements he made in response to the Court's inquiry under Rule 11. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir.1992), *cert. denied*, 507 U.S. 932 (1993). Stamper's allegation that he entered a coerced plea is refuted by the record. His formal declarations made in person and in open court, carry a strong presumption of truth, and stand in stark contrast to the claims he now makes. Stamper's allegation of coerced guilty plea is contradicted by the notice of intent to plead guilty (Court File No. 14), which he signed on June 24, 2003, the transcript of his re-arraignment hearing, and by the Rule 11 proceedings in which Stamper acknowledged under oath that his pleas were voluntary and the district judge so found (Crim. Case No. 1:03-cr-86, Court File No. 27, pp. 8, 16-17). The procedure in this district for taking a guilty plea includes the Court asking each defendant whether anyone threatened him or forced him to plead guilty. Stamper was asked, during his re-arraignment proceeding, whether anyone threaten him or forced him in any way to plead guilty and he responded "No, sir." (Crim. Court File No. 27, p. 8).

In light of his sworn statements to the contrary during the criminal proceedings, the Court finds his claim of coercion to plead guilty incredible and unsupported by the record. Stamper's allegation that his attorney coerced him into pleading guilty rests largely on factually unsupported claims and, presumably a claim that counsel misadvised him that the illegality of the search and

seizure was of no consequence.

The Court observes, however, that Stamper has not demonstrated, and the Court does not find that the search and seizure were illegal. Stamper has not presented any credible evidence to support his allegations that the search was illegal or that counsel coerced his plea. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir.1983). Moreover, the evidence before this Court does not demonstrate that any advice counsel may have given Stamper to enter a guilty plea and withdraw the suppression motion was deficient nor does anything before the Court overcome the presumption that counsel's advice was sound strategy. Stamper's factually unsupported allegations do not raise a constitutional issue.

Therefore, Stamper is not entitled to an evidentiary hearing on this issue. If the Court were to allow an evidentiary hearing on this claim, it would undermine and eliminate the chief virtues of the plea bargain process-speed, economy, and finality. *Blackledge*, 431 U.S. at 71-72. To permit collateral attacks on guilty pleas to be based on mere conclusive claims would make every guilty plea subject to attack under § 2255 and render the oral responses given by a defendant pursuant to Rule 11 meaningless. *Blackledge*, 431 U.S. at 74. The Court's conclusion that Stamper's plea was not coerced demonstrates counsel was not ineffective and Stamper did not suffer any prejudice.

In conclusion, Stamper, making nothing more than self-serving allegations that his plea was coerced, has not satisfied his heavy burden of rebutting the presumption of the declarations he made in open court. Stamper has failed to demonstrate his plea was coerced; thus, he has failed to demonstrate counsel was deficient. Accordingly, Stamper's claim that his defense attorney was

ineffective because she coerced his guilty plea must fail.

### 3. Failure to Negotiate a Plea Agreement

Stamper claims "[w]ithout any negotiations with the government, . . . Perhaps Counsel did not investigate a conditional plea challenging a forecast denial of suppression." (Court File No. 2, at 8). This vague and factually unsupported claim is insufficient to warrant a hearing or § 2255 relief. Stamper does not contend that he advised counsel he wish to enter into a plea agreement with the government nor does he reveal any facts about any discussion he and counsel had about entering into a plea agreement with the government.

The government responds that any plea agreement with a reservation of a right to contest any pre-trial rulings on appeal is only permitted with the consent of the United States and the approval of the district court as provided in Rule 11(a)(2). "With the approval of the court and consent of the government, a defendant may enter a conditional plea of guilty or *nolo contendere* reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion." Fed. R. Crim. P. 11(a)(2). The government further asserts that a conditional plea was not an option in Stamper's case because it was not offered by the United States. The government further asserts that Stamper had absolutely no defense to the charge of being a felon in possession of a firearm and the government had no interest in a conditional plea agreement, thus counsel was not deficient.

Stamper has not set forth facts illustrating his attorney was deficient for failing to negotiate a plea agreement or that had she attempted, that one would have been offered which would have resulted in a lesser sentence. Even assuming counsel was deficient in failing to negotiate a plea agreement, Stamper has not demonstrated he was prejudice. The government asserts they had no

interest in offering a conditional plea agreement. Thus, there is no showing that any plea agreement with the government would have resulted in a lesser sentence or any other benefit to Stamper, thus he has not demonstrated any prejudice by the lack of a plea agreement. Accordingly, he is not entitled to an evidentiary hearing or any relief under § 2255 on this claim of ineffective assistance of counsel.

### 4. *Failure to Present Exculpatory Evidence*

Stamper contends he provided counsel with audio tapes removed from his answering machine that would have aided his defense of the aggravated assault allegation, but counsel failed to present the tapes to the Court and later claimed she lost them. Stamper further contends his family possesses a copy of this audio tape and that the tape provides evidence of his now, ex-wife's, "disregard for the court ordered restraining order. The recorded content directly contradicts testimony by Robinson at the sentencing hearing, (relied upon by the Court) and substantially bolsters Stamper's testimony." (Court File No. 2, p. 9).

Stamper alleges if counsel had presented audio tapes from his answering machine, there is a reasonable probability that the result of the proceedings would have been different. Stamper, however, does not identify the contents of the audio tapes nor specify what information would have caused the Court to render a different decision. The Court observes that Stamper's case was remanded by the Sixth Circuit and the Court reduced Stamper's sentence in light of *United States v. Booker*, 543 U.S. 220, 244 (2005). However, during that hearing, Stamper did not present any audio tapes or any specific details of the tapes. The only reference to an audio tape was that "[o]n September 8, 2001, Mr. Stamper had called the Chattanooga Police Department to his home, where an officer listened to the voice messages of Tara Robinson, harassing Mr. Stamper." (Crim. Court

File No. 38). Although Stamper claims his family has copies of the tapes, he has not submitted a copy to the Court. Neither a claim that his family possesses audio tapes of his ex-wife harassing him nor a factually unsupported claim that the audio tapes contradict sentencing hearing testimony is sufficient to demonstrate deficient performance or prejudice. As a result of the lack of any credible evidence to support this factually baseless claim, Stamper's claim that counsel was ineffective for failing to present exculpatory evidence lacks merit.

In sum, Stamper's factually unsupported claim lacks any supporting credible evidence and therefore, he has neither demonstrated deficient performance on the part of counsel nor any resulting prejudice. Therefore, Stamper's claim for ineffective assistance of counsel for failing to present alleged exculpatory evidence will be **DENIED**.

> 5. *Invalid Guilty Plea Must be Withdrawn*

Although Stamper did not raise this claim in his § 2255 motion under his ineffective assistance of counsel claim, he did raise it as "Ground Three" and addressed it in his supporting memorandum; therefore, the Court will address it [Court File No. 1, p. 8]. Stamper contends counsel failed to advise him his guilty plea "would subject him to prosecution, and a sentencing forum conviction and sentence, for aggravated assault." (Court File No. 2, p. 11). During sentencing the Court concluded Stamper committed an aggravated assault on his ex-wife and enhanced his offense level by four levels for the assault.[2] According to Stamper, neither counsel nor the Court informed him of the consequence of his guilty plea. This contention is refuted by the record.

---

[2] In addition, because the Court found Stamper testified untruthfully during his sentencing hearing regarding the assault, his sentence was increased by two levels for obstruction of justice.

The court informed Stamper and he acknowledged that he understood, that by entering a guilty plea he was relinquishing his rights to a jury trial, presumption of innocence, right to plead not guilty, to confront witnesses, to remain silent, and to subpoena witnesses. The Court also notified Stamper that if it accepted his guilty plea, he would not be able to withdraw his plea at a later date (Crim. Court File No. 27, p. 8-9).

In addition, there was a discussion regarding Stamper's concern that he did not have an exact sentence calculation and that the Court would not accept a plea agreement where there was a cap on the sentence. The Court explained to Stamper that his sentence would be determined by the Federal Sentencing Guidelines *which no one would know until the probation officer completed the presentence report* which would include information about him, his family background, his record, *what happened in the instant case*, *his conduct at the time the incident occurred*,[3] and other things (Crim. Court File No. 27) (emphasis added).

Moreover, the Court observes that whether Stamper went to trial and was convicted or whether he pleaded guilty, the sentencing hearing would have resulted in the Court considering the same conduct it considered during his previous sentencing hearings. Nevertheless, even assuming

Stamper's counsel failed to inform him of the consequences of his plea agreement, he is unable to demonstrate prejudice because he was fully informed by the Court of the consequences of his plea.

Stamper contends that had he known the aggravated assault would have increased his sentence he would have proceeded to trial. However, this lone assertion is insufficient to

---

[3]     Stamper agreed, during his re-arraignment, that his ex-wife had told police they were fighting and he pulled a pistol on her.

demonstrate prejudice. As previously stated, to successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Stamper must show that his attorney's performance fell below an objective standard of reasonableness and, to establish the prejudice prong, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 117 S. Ct. 994 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998), (quoting *Strickland v. Washington*, 466 U.S. at 690. "An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id*. at 691.

As previously stated, regardless of whether Stamper entered a guilty plea or was convicted by a jury, the same sentencing factors would have been considered and used to enhance Stamper's sentence. Therefore, Stamper has not demonstrated he was prejudiced by counsel's alleged failure to inform him the aggravated assault conduct would be considered by the judge in deciding what sentence to impose. Accordingly, Stamper is not entitled to any relief on his claim of ineffective assistance of counsel for failing to advise him the alleged assault would be used to enhance his

sentence.

>    6.    *Factually Unsupported Claims of Ineffective Assistance of Counsel*

Stamper identified failure to challenge his sentence on direct appeal and counsel's citation of conflict of interest in her motion to withdraw as grounds of ineffective assistance of counsel in his § 2255 motion. Stamper, however, failed to provide any facts to support either of these two grounds of ineffective assistance of counsel in his § 2255 motion and failed to even address the claims in his supporting memorandum. Hence, Stamper has inadequately pled these claims under Rule 2(b) of the Rules Governing Section 2255 Cases in the United States District Courts, which requires claims be plead with factual specificity. Stamper's claims fail to "set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(b) of the Rules Governing Section 2255 Cases in the United States District Courts. Stamper failed to provide any supporting facts to these two claims of ineffective assistance of counsel. Thus, Stamper's claims of ineffective assistance of counsel on the grounds that counsel failed to challenge the sentence on direct appeal[4] and counsel cited a conflict of interest in her motion to withdraw will be dismissed for failing to set forth in summary form the facts supporting these claims. Rule 2(c) of the Rules Governing Section 2255 Cases in the United States District Courts.

## C.    Prosecutorial Misconduct

Stamper's prosecutorial misconduct claim is confusing pled and difficult to decipher. It appears that Stamper is claiming he is the victim of prosecutorial misconduct because his case was

---

[4]    The Sixth Circuit granted the "Agreed Motion to Remand this case to the district court for re-sentencing in light of the Supreme Court's decision in *United States v. Booker v. Fanfan*, ___ S.Ct. ___, 2005 WL 50108 ( January 12, 2005)." (Crim. Court File No. 29).

dismissed by the State, allegedly, on the basis of the alleged illegal search[5] and the state prosecutor then illegally "shopped around" for another forum, sending his case to the United States government for prosecution, which constitutes selective prosecution. Stamper has provided absolutely no factual support for this bald allegation. Nevertheless, this claim is procedurally defaulted.

Although this claim was available to Stamper at the time of his criminal proceedings and direct appeal, he failed to raise it. The merits of claims that could have been raised on direct appeal, but were not, will not be addressed in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. *See Reed v. Farley,* 512 U.S. 339, 354 (1994); *United States v. Frady,* 456 U.S. 152, 167-69 (1982); *Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir. 1993); *Gonzales v. United States,* 929 F. Supp. 252, 254 (E.D. Mich. 1996).

Stamper has procedurally defaulted his prosecutorial misconduct claim by failing to raise it during his criminal proceedings or on direct appeal. All the facts and circumstances underpinning Stamper's allegations were available to him upon receipt of notification of his federal indictment. Stamper's procedural default cannot be excused since he has not demonstrated cause and prejudice or actual innocence to overcome the procedural hurdle for review. Moreover, given Stamper's lack of factual support, his undisputed unlawful possession of multiple firearms in violation of 18 U.S.C. § 922(g), the lack of a Fourth Amendment violation during the search, and that Stamper has not demonstrated his prosecution in federal court was unconstitutional, this claim is without merit. Accordingly, Stamper is not entitled to any § 2255 relief on his prosecutorial misconduct claim.

### D. Fifth and Sixth Amendment Claim

---

[5] The Court observes that on remand, counsel stated the state dismissed the charge of assault and Stamper was prosecuted federally for possessing a firearm. There is no credible proof before the Court that the state charges were dismissed on the basis of an illegal search.

Stamper contends that the prosecution of him and his conviction violates his due process and Sixth Amendment rights because he was charged as a felon in possession of a firearm and the Court took into account the uncharged aggravated assault conduct. Once again, although this claim was available to Stamper on direct appeal, he failed to raise this issue at that time. The merits of claims that could have been raised on direct appeal, but were not, will not be addressed in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. *See Reed v. Farley,* 512 U.S. 339, 354 (1994); *United States v. Frady,* 456 U.S. 152, 167-69 (1982); *Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir. 1993); *Gonzales v. United States,* 929 F. Supp. 252, 254 (E.D. Mich. 1996).

As with the previous claim, Stamper has procedurally defaulted this claim by failing to raise it on direct appeal. All the facts and circumstances underpinning Stamper's allegations were available to him upon the conclusion of his sentencing hearing. Stamper's procedural default cannot be excused since he has not demonstrated cause and prejudice or actual innocence to overcome the procedural hurdle for review. Moreover, the Court properly considered the uncharged conduct of aggravated assault under the United States Sentencing Guidelines Section 2K2.1(b)(5) which provides for a four level increase when a convicted felon uses or possesses any firearm or ammunition in connection with another felony offense. Thus, the Court properly sentenced Stamper. Accordingly, Stamper is not entitled to any § 2255 relief on this claim.

IV.     **Conclusion**

Stamper has failed to present any facts which establish his conviction or sentence is subject

to collateral attack under 28 U.S.C. § 2255. Stamper is not entitled to any relief under § 2255.

A judgment will enter **DENYING** Stamper's motion.


_____/s/ R. Allan Edgar_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE